This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37932

**SILVER OAK DRILLING, LLC,**

      Protestant-Appellant/Cross-Appellee,

v.

**NEW MEXICO TAXATION AND
REVENUE DEPARTMENT,**

      Respondent-Appellee/Cross-Appellant,

**IN THE MATTER OF THE PROTEST TO
DENIAL OF HIGH WAGE JOB CREDIT
ISSUED UNDER LETTER ID NO.
L0237026864.**

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE
Chris Romero, Hearing Officer**

Joe Lennihan
Santa Fe, NM

for Appellant

Hector H. Balderas, Attorney General
Richard Pener, Special Assistant Attorney General
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Taxpayer, Silver Oak Drilling, LLC, appeals from an administrative hearing officer's decision and order upholding, for the most part, the New Mexico Taxation and

Revenue Department's denial of Taxpayer's application for the New Mexico High-Wage Jobs Tax Credit (HWJTC), NMSA 1978, § 7-9G-1 (2013, amended 2019). We affirm.

## DISCUSSION[1]

{2}     Taxpayer's arguments are largely foreclosed by the doctrine of stare decisis and this Court's recent opinion in *Par Five Services, LLC v. New Mexico Taxation & Revenue Department*, 2021-NMCA-025, 489 P.3d 983. There, we held that (1) "a 'new job' for purposes of Section 7-9G-1(M)(5) is brought into being by the creation of a new position that did not previously exist[,]" *Par Five Servs.*, 2021-NMCA-025, ¶ 10, and (2) the Department may reasonably classify "a newly hired employee . . . placed in the same job position as an employee that previously left the company . . . as a mere 'replacement' of the prior employee" and, on that basis, conclude that no "new job" has been created. *Id.* ¶¶ 15, 18. Those holdings control our disposition of all but a sliver of this appeal.

{3}     What remains is Taxpayer's novel contention that we must reverse because the testimony at the protest hearing showed that the Department's methodology for making the initial determination of whether a position is a "new" position is unreliable and inconsistently applied. The Department asserts that Taxpayer's argument lacks merit because Taxpayer did not present a factual basis for claiming each credit that was disallowed. This argument is in line with the hearing officer's conclusion that Taxpayer failed to meet its burden of showing that the jobs for which Taxpayer sought a credit were new. *See generally N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 8, 336 P.3d 436 ("The effect of the presumption of correctness is that the taxpayer has the burden of coming forward with some countervailing evidence tending to dispute the factual correctness of the assessment[.]" (internal quotation marks and citation omitted)). Taxpayer does not dispute that the Department's denial of a tax credit is presumed to be correct and that a taxpayer therefore ordinarily cannot prevail in a tax protest over the denial of the HWJTC without producing evidence showing its entitlement to the credit. Instead, Taxpayer argues that it was relieved of this burden because the record demonstrates that the legal standard used to determine its entitlement to the credit was erroneous. Asking this Court to apply a de novo standard of review, Taxpayer argues that we should reverse because testimony at the protest hearing shows that (1) the Department has unreasonably interpreted the HWJTC to apply only in situations where an employer labels a position with a new job title, regardless of whether the position itself is, in fact, new; and (2) the Department does not consistently apply this flawed interpretation as evidenced by one Department employee's testimony that the credit could be denied, regardless of job title, on the ground that a particular employee has previously worked for the taxpayer-employer.[2] We are not persuaded.

1This memorandum opinion does not include a background section because the parties are familiar with the background.
2Insofar as Taxpayer's briefs could be read to assert that it is improper for the Department, in deciding whether jobs for which the HWJTC is claimed are new positions, to consider whether an employee works

**{4}** Our task in this appeal is to review the "decision and order of the hearing officer," and the Department's reasons for disallowing Taxpayer's claimed credits are thus relevant only insofar as they provide us with a basis for concluding that the order was "arbitrary, capricious or an abuse of discretion"; "not supported by substantial evidence in the record"; or "otherwise not in accordance with the law." NMSA 1978, § 7-1-25(C) (2015). Because Taxpayer fails to show that the *hearing officer* applied an analysis inconsistent with the HWJTC statute, Taxpayer's arguments about the testimony presented at the protest hearing provide us no basis for concluding that the decision and order entered in this case falls into any of those categories. And the order clearly shows that the hearing officer did not treat the complained-of testimony as though it conclusively described the governing law. On the contrary, the hearing officer found that the Department uses the information identified in the pertinent testimony as a "mechanism[] for identifying jobs [for] which it may be appropriate for an auditor to make further inquiry" and that the Department "provides an opportunity for a taxpayer to provide further explanation and submit additional documentation" if the taxpayer believes the Department's initial determination to be incorrect. The hearing officer upheld the denial of the credit because Taxpayer failed to present evidence showing that the jobs in question were new, not because the hearing officer applied the methodology described in the testimony to the facts of this case. Because Taxpayer's arguments rest entirely on the incorrect premise that the hearing officer treated the methodology described in the testimony at the protest hearing as the governing legal standard, we conclude that Taxpayer has failed to show error in the hearing officer's order.

**CONCLUSION**

**{5}** We affirm.

**{6}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**

---

in a position that has the same job title as a previously existing job, that argument fails. As noted above, Taxpayer does not dispute that it had the burden of putting forth evidence showing that each job for which it claimed a credit qualified as a new job. Nor does Taxpayer contend that it presented any evidence showing that the jobs for which the credit was claimed were new. Because Taxpayer concedes that it had the burden of production and fails to argue that it met this burden, it is irrelevant whether the Department's evidence concerning job titles, standing alone, would be substantial evidence that the jobs in question were not new.